ERIC GRANT
United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

**FILED**

Oct 23, 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>        v.<br><br>TONY CHRISTOPHER LONG,<br>Aka "Inactive",<br>Aka "Inactivee0",<br>Aka "Inactivecvx",<br><br>            Defendant. | CASE NO.  1:25-cr-00205-JLT-SKO<br><br>18 U.S.C. § 48(a)(1) – Animal Crushing (Two Counts); 18 U.S.C. § 2251(a) and (e) – Sexual Exploitation of a Minor; 18 U.S.C. § 2252(a)(4)(B) – Possession of Material Involving the Sexual Exploitation of a Minor; 18 U.S.C. § 2261A – Cyberstalking; 18 U.S.C. § 875(d) – Interstate Threat; 18 U.S.C. § 2253(a) – Criminal Forfeiture |

I N D I C T M E N T

      1.      At all relevant times, the defendant, TONY LONG, aka "Inactive", aka "Inactivee0", aka "inactivecvx" ("defendant" or "LONG"), was a member and associate of "764," a criminal organization of Nihilistic Violent Extremists ("NVEs").

      2.      NVEs are individuals who engage in criminal conduct within the United States and abroad in furtherance of political, social, or religious goals that derive primarily from a hatred of society at large and a desire to bring about its collapse by sowing indiscriminate chaos, destruction, and social instability. NVEs work individually or as part of a network with these goals of destroying civilized

INDICTMENT

1

society through the corruption and exploitation of vulnerable populations, which often include minors.[1]

3.     NVEs, both individually and as a network, systematically and methodically target vulnerable populations across the United States and the globe. NVEs frequently use social media communication platforms to connect with individuals and desensitize them to violence by, among other things, breaking down societal norms regarding engaging in violence, normalizing the possession, production, and sharing of CSAM and gore material, and otherwise corrupting and grooming those individuals towards committing future acts of violence.

4.     Those individuals are targeted online, often through synchronized group chats. NVEs frequently conduct coordinated extortions of individuals by blackmailing them so they comply with the demands of the network. These demands vary and include, but are not limited to, self-mutilation, online and in-person sexual acts, harm to animals, sexual exploitation of siblings and others, acts of violence, threats of violence, suicide, and murder.

5.     Historically, NVEs systematically targeted vulnerable individuals by grooming, extorting, coercing, and otherwise compelling through force, or the threat of force, the victims to mutilate themselves or do violence, or threaten violence, to others, and either film or photograph such activity. The members of the network have edited compilation photographs or videos of targeted individuals, shared the photographs and videos on social media platforms for several reasons, including to gain notoriety amongst members of the network, and spread fear among those targeted individuals for the purpose of accelerating the downfall of society and otherwise achieving the goals of the NVEs.

6.     NVE networks have adopted various monikers to identify themselves.  The networks have changed names over time, which has led to the creation of related networks.  Although the networks change names and use a variety of different social media platforms, the core members and goals remain consistent and align with the overarching threat of NVE.

7.     "764" and related groups (altogether, "764") are NVEs who engage in criminal conduct within the United States and engage with other extremists abroad. The 764 network's accelerationist goals include social unrest and the downfall of the current world order, including the United States

---

[1] NVEs adhere to an ideology herein defined as Nihilistic Violent Extremism (NVE).

1 | Government. Members of 764 work with one another towards a common purpose of destroying civilized
2 | society through the corruption and exploitation of vulnerable populations, including minors.

3 |     8.    At all relevant times, LONG was a resident of Tulare County, in the State and Eastern
4 | District of California.

5 | COUNT ONE: [18 U.S.C. § 48(a)(1) – Animal Crushing]

6 |     The Grand Jury charges: T H A T

7 |     9.    Paragraphs 1 through 8 are incorporated herein by reference.

8 |     10.    On or about November 24, 2024, in Tulare County, in the State and Eastern District of
9 | California, LONG purposely engaged in animal crushing in and affecting interstate and foreign
10 | commerce, all in violation of Title 18, United States Code, Section 48(a)(1).

11 | COUNT TWO: [18 U.S.C. § 48(a)(1) – Animal Crushing]

12 |     The Grand Jury further charges:  THAT

13 |     11.    Paragraphs 1 through 8 are incorporated herein by reference.

14 |     12.    On or about December 4, 2024, in Tulare County, in the State and Eastern District of
15 | California, LONG purposely engaged in animal crushing in and affecting interstate and foreign
16 | commerce, all in violation of Title 18, United States Code, Section 48(a)(1).

17 | COUNT THREE: [18 U.S.C. § 2251(a) and (e) – Sexual Exploitation of a Minor]

18 |     The Grand Jury further charges:  THAT

19 |     13.    Paragraphs 1 through 8 are incorporated herein by reference.

20 |     14.    On or about November 11, 2024, LONG, in Tulare County, in the State and Eastern
21 | District of California, knowingly employed, used, persuaded, induced, enticed, and coerced, and
22 | conspired with at least one other person to employ, use, persuade, induce, entice, and coerce, a minor, to
23 | wit: Minor Victim 1, a resident of Washington State, to engage in any sexually explicit conduct, as
24 | defined in Title 18, United States Code, Section 2256, for the purpose of producing a visual depiction of
25 | such conduct, with knowledge and reason to know that such visual depiction would be transported and
26 | transmitted using any means and facility of interstate and foreign commerce, in and affecting interstate
27 | and foreign commerce, or such visual depiction was produced and transmitted using materials that had
28 | been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means,

1  including by computer, and attempted to do so, all in violation of Title 18, United States Code, Section

2  2251(a) and (e).

3  COUNT FOUR: [18 U.S.C. § 2252(a)(4)(B) – Possession of Material Involving the Sexual Exploitation

4  of a Minor]

5        The Grand Jury further charges:  THAT

6        15.    Paragraphs 1 through 8 are incorporated herein by reference.

7        16.    On or about December 10, 2024, in Tulare County, in the State and Eastern District of

8  California, LONG knowingly possessed matter which contained any visual depiction that had been

9  shipped or transported using any means or facility of interstate or foreign commerce or in or affecting

10  interstate or foreign commerce, or which was produced using materials that had been so shipped or

11  transported, while knowing that the visual depiction showed a minor, to wit: Minor Victim 1, a resident

12  of Washington State, engaging in sexually explicit conduct as defined in Title 18, United States Code,

13  Section 2256, and also knowing that the visual depiction was of a minor, all in violation of Title 18,

14  United States Code, Section 2252(a)(4)(B).

15  COUNT FIVE: [18 U.S.C. § 2261A – Cyberstalking]

16        The Grand Jury further charges:  THAT

17        17.    Paragraphs 1 through 8 are incorporated herein by reference.

18        18.    Beginning on a date unknown to the Grand Jury, but not later than on or about October

19  10, 2024, and continuing at least until on or about October 11, 2024, in Tulare County, in the State and

20  Eastern District of California, with the intent to injure, harass, and intimidate another person, to wit:

21  Minor Victim 2, a resident of Kern County, in the State and Eastern District of California, LONG used

22  an interactive computer service and electronic communication service, and an electronic communication

23  system of interstate and foreign commerce and any other facility of interstate and foreign commerce, to

24  wit: online messaging services, and engaged in a course of conduct that caused, attempted to cause, and

25  would be reasonably expected to cause substantial emotional distress upon Minor Victim 2, all in

26  violation of Title 18, United States Code, Section 2261A.

27  ///

28  ///

COUNT SIX: [18 U.S.C. § 875(d) – Interstate Threat]

The Grand Jury further charges:  THAT

19.    Paragraphs 1 through 8 are incorporated herein by reference.

20.    Beginning on a date unknown to the Grand Jury, but not later than on or about October 10, 2024, and continuing at least until on or about October 11, 2024, in Tulare County, in the State and Eastern District of California, LONG did knowingly and willfully, with intent to extort from another person, to wit: Minor Victim 2, anything of value, transmit in interstate and foreign commerce a communication containing a threat to injure the property and reputation of Minor Victim 2, all in violation of Title 18, United States Code, Section 875(d).

FORFEITURE ALLEGATION:   [18 U.S.C. § 2253(a) – Criminal Forfeiture]

Upon conviction of one or more of the offenses alleged in Count Three and Four of this Indictment, defendant Tony LONG shall forfeit to the United States pursuant to 18 U.S.C. § 2253(a), any and all matter which contains visual depictions produced, transported, mailed, shipped or received in violation thereof; any property, real or personal, constituting or traceable to gross profits or other proceeds the defendant obtained as a result of said violations; and any property, real or personal, used or intended to be used to commit and promote the commission of the violations.

If any property subject to forfeiture as a result of the offenses alleged in Counts Three and Four of this Indictment, for which defendants are convicted:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

///

///

///

///

1  it is the intent of the United States, pursuant to 18 U.S.C. § 2253(b) and 28 U.S.C. § 2461(c),

2  incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendants, up to the

3  value of the property subject to forfeiture.

4                                                    A TRUE BILL.

5                                                         /s/ Signature on file w/AUSA

6                                                    _____

7  /s/ Eric Grant                                   FOREPERSON

8  _____
   ERIC GRANT

9  United States Attorney

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28